# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN MICHIGAN

DESTINEE GUITON,

      Plaintiff,

                                  Case No.

v.

                                  Hon.

PORTER HILLS PRESBYTERIAN
VILLAGE, INC.

      Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800-telephone
(248) 940-5848-fax
sbatey@bateylaw.com

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Destinee Guiton (hereinafter "Guiton"), by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1.     Plaintiff, Destinee Guiton, is a resident of the City of Muskegon, County of Muskegon and State of Michigan.

2.      Defendant, Porter Hills Presbyterian Village, Inc. (hereinafter "Porter Hills") is a Non-profit Michigan corporation whose resident agent is Kalen Carlsen and whose resident address is 3600 E. Fulton Street, Grand Rapids, Michigan 48546 and who is  duly authorized to do business in the Western District of the State of Michigan.

3.      Jurisdiction and venue are proper in the District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

4.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs,

5.      Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful racial discrimination/harassment and retaliation in violation of 42 U.S.C. §1981, Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. ("ELCRA") which resulted in emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

6.      Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7.      Plaintiff is a African-American female who began her employment at Defendant, Porter Hills in July, 2024 and was most recently employed as a Supervisor.

2

8.    Plaintiff was subjected to an offensive and hostile work environment due to her race in which she was falsely accused and disciplined for conduct and non-conduct in which she did not engage.

9.    During her employment with Defendant, Plaintiff was subjected to racial discrimination and harassment which created an offensive and hostile work environment and severely affected the terms and conditions or her employment and substantially interfered with her ability to do her job.

10.    In June 2025 Plaintiff was referred to as "ghetto" and a "black ghetto girl" by her manager Amber Lynch.

11.    Plaintiff filed a complaint of race discrimination with HR and shortly thereafter she was terminated in retaliation for her complaint of race discrimination.

12.    Plaintiff filed a subsequent complaint that she was discharged in retaliation for her complaint of race discrimination and she was subsequently reinstated without pay in July 2025.

13.    After her reinstatement Plaintiff manager has been relentless in her abuse and harassment by fabricating issues and complaints with Plaintiff and her performance.

14.    In addition to creating a hostile and offensive work environment Defendant has taken adverse employment action against Plaintiff by cutting her hours.

15.    Prior to Plaintiff's complaint of race discrimination she was working at least 40 hours a week and after her complaint her time has been cut to 24 hours a week.

16.    Plaintiff was targeted, treated differently and isolated due to her race and retaliated against for reporting race discrimination.

17.    During the time period in question, Defendant, Porter Hills was Plaintiff's employer and Plaintiff was its employee within the meaning of 42 U.S.C. §1981, Title VII and the ELCRA.

18.    Defendant is responsible for all acts committed by its agents, representatives and employees within the scope of their employment.

19.    Defendant, through their agents, representatives and employees, were predisposed to harass, discriminate and retaliate against Plaintiff on the basis of her race and acted in accordance with that predisposition.

20.    Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

21.    Plaintiff has filed a complaint with the EEOC file number 471-2024-04730.

22.    On March 23, 2026 the EEOC issued the Right to Sue letter.

## COUNT I
## RACIAL DISCRIMINATION AND HARASSMENT
## IN VIOLATION OF 42 U.S.C. §1981

23.    Plaintiff incorporates by reference paragraphs 1 through 22 of the Complaint as though fully set forth herein.

24.    Plaintiff belongs to a protected class as a African-American.

25.    Plaintiff and Defendant had an employment agreement subject to 42 U.S.C. §1981.

26.    Plaintiff was subjected to unwelcome communication and conduct due to her race.

27.    The racially charged conduct towards Plaintiff was unwelcome.

28.    Defendant's conduct was intentional and motivated by Plaintiff's race as a African-American.

29.    The conduct was so severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and/or abusive.

30.    Plaintiff believed her work environment to hostile and abusive as a direct result of Defendant's conduct.

31.    Plaintiff suffered adverse tangible employment actions which interfered in her ability to do her job as a result of the hostile and offensive work environment.

32.    The ongoing and continuing unwelcome conduct and communication was intended to and did substantially interfere with Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment for Plaintiff and Plaintiff was ultimately suspended due to her race.

33.    Pursuant to 42 U.S.C. §1981 Plaintiff was guaranteed the right to be free from discriminatory treatment and harassment and/or retaliation, including suspension and termination from her employer and/or supervisors based upon his race.

34.    Plaintiff's race was a factor in Defendant's decisions, actions, treatment, conduct and attitude towards Plaintiff.

35.    Plaintiff was subjected to repeated and continuous discriminatory treatment, up to and including suspension and termination based upon her race by Defendant, to the point where her status as an employee has been detrimentally affected by Defendant and Plaintiff has been subjected to work in a hostile work environment.

36.    At all times Defendant acted with malice and/or reckless indifference to Plaintiff's federally protected rights and Plaintiff is entitled to punitive,

exemplary and compensatory damages pursuant to 42 U.S.C. §1981 as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

37.    Because of the unlawful conduct of Defendant, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest, and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT II
## RACE DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII AND THE ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA 37.2201, *et seq*

38.    Plaintiff incorporates by reference paragraphs 1 through 37 of the Complaint as though fully set forth herein.

39.    Plaintiff belongs to a protected class as a African-American.

40.    Plaintiff was subjected to unwelcome communication and conduct.

41.    The ongoing and continuing unwelcome conduct and communication was intended to and did substantially interfere with Plaintiff's employment and/or

7

created an intimidating, hostile, or offensive work environment for Plaintiff and Plaintiff was ultimately terminated due to her race.

42. Pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. Plaintiff was guaranteed the right to be free from discriminatory treatment and harassment and/or retaliation, including suspension and termination from her employer and/or supervisors based upon her race.

43. Plaintiff's race was a factor in Defendant's decisions, actions, treatment, conduct and attitude towards Plaintiff.

44. Plaintiff was subjected to repeated and continuous discriminatory treatment, up to and including suspension and termination based upon her race by Defendant, to the point where her status as an employee has been detrimentally affected by Defendant and Plaintiff has been subjected to work in a hostile work environment.

45. Plaintiff is entitled to exemplary and compensatory damages pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

46. Defendants created an offensive and hostile work environment against Plaintiff as a direct result of Plaintiff's race by reason of the following acts and/or omissions:

8

a. Violating the laws against discrimination by engaging in racial discrimination in the workplace;

b. Imposing discipline based on race;

c. Taking adverse employment action against Plaintiff based upon her race;

d. Preventing Plaintiff from having full and fair opportunities to advance in her position based upon her race;

e. Creating a hostile work environment for Plaintiff by discriminating against her, harassing her, and retaliating against her due to her race; and

f. Terminating Plaintiff due to her race.

47. Defendants owed Plaintiff as a African-American employee, a duty to refrain from discriminating against employees.

48. Defendants owed Plaintiff as a African-American, a duty to refrain from discriminating against her, harassing her and treating her differently as a direct result of her race.

49. Defendants breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over employees;

9

    c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

    d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

50. As a direct and proximate result of the actions of Defendants, Plaintiff was the subject of discriminatory conduct on the part of Defendants.

51. At all times Defendant acted with malice and/or reckless indifference to Plaintiff's federally protected rights and Plaintiff is entitled to punitive damages.

52. Because of the unlawful conduct of Defendants, their agents, representatives and employees, and as a direct and proximate cause of such conduct, including being wrongfully terminated, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT III
## RETALIATION

53.    Plaintiff incorporates by reference paragraphs 1 through 52 of the Complaint as though fully set forth herein.

54.    Pursuant to 42 U.S.C. §1981, Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*, Plaintiff is guaranteed the right to be free from discrimination from his employer and/or supervisors based upon her race.

55.    Plaintiff's race was a factor in Defendant's employment decisions.

56.    Defendant was Plaintiff's employer within the meaning of 42 U.S.C. §1981, Title VII and the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

57.    During the course of her employment with Defendant, Plaintiff was subjected to constant unwelcome racial discrimination creating a hostile work environment by Defendant.

58.    The racial discrimination created a hostile work environment and had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

59.    Plaintiff complained to upper management of Defendant that she was being discriminated against due to his race and that she was being subjected to a hostile work environment.

60.    Defendant had actual and constructive notice that it was creating an intimidating, hostile and offensive work environment for Plaintiff.

61.    Despite having notice of the racial discrimination and conduct toward Plaintiff, Defendant failed to take any remedial action, but instead took adverse employment action against Plaintiff based upon his race and in retaliation for her complaints of racial discrimination.

62.    The racial discrimination and conduct by Defendant and Defendant's failure to take any remedial action violate 42 U.S.C. 1981, Title VII and the Michigan Elliott- Larsen Civil Rights Act, MCL 37.2101 *et seq*.

63.    At all times Defendant acted with malice and/or reckless indifference to Plaintiff's federally protected rights and Plaintiff is entitled to punitive damages.

64.    As a proximate result of the Defendant's retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish,   fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs,

interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800-telephone
    (248) 940-5848-fax
    sbatey@bateylaw.com

Dated:  June 17, 2026

## DEMAND FOR JURY TRIAL

NOW COMES, Plaintiff, Destinee Guiton, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800-telephone
    (248) 940-5848-fax
    sbatey@bateylaw.com

Dated:  June 17, 2026

14